JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612-5217
   Telephone:  (510) 637-3929
   Facsimile:  (510) 637-3724
   E-Mail:    Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 06-00189 SBA |
| ) | |
| Plaintiff, ) | STIPULATION AND ORDER |
| ) | CONTINUING STATUS CONFERENCE |
| v. ) | AND EXCLUDING TIME |
| ) | |
| EDDIE SHERMAN THOMAS, ) | |
| ) | |
| Defendant. ) | |

     Plaintiff, by and through its attorney of record, and defendants, by and through their attorneys of record, hereby stipulate and ask the Court to find as follows:

     1.    A status conference in this matter is currently scheduled for 9 a.m. on Tuesday, April 1, 2008.

     2.    The parties request that this hearing be continued until 9 a.m. on Tuesday, April 29, 2008, in order to provide counsel for the government and defendant with additional time to evaluate the evidence in this case and determine whether or not defendant should enter a change of plea or file motions and to prepare for trial in this matter.

STIPULATION AND PROPOSED ORDER RESCHEDULING
HEARING AND EXCLUDING TIME

3. Defendant Thomas' counsel has been, and is presently, engaged in a lengthy murder trial in Alameda County Superior Court (*People v. Hans Reiser*) and will not be available for the status conference on April 1, 2008. Defendant Thomas' counsel believes that this trial will be completed and he will be ready to proceed with a status conference in this matter on April 29, 2008. In addition, defendant's counsel recently produced voluminous medical records regarding defendant Thomas' physical condition that impact the manner in which the case will proceed or resolve. The government requires additional time to review and analyze these medical records and assess their impact on the matter.

4. Thus, the parties respectfully request that the Court find that the time period from April 1, 2008, to April 29, 2008, is excludable pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial and because failure to grant the continuance would unreasonably deny defendant and defense counsel the time necessary for effective preparation for trial, taking into account due diligence.

IT IS SO STIPULATED.

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: March 31, 2008          /s/
                               GARTH HIRE
                               Assistant United States Attorney

                               Attorney for United States of America


Dated: March 31, 2008          /s/
                               RICHARD TAMOR

                               Attorney for Defendant
                               Eddie Sherman Thomas

STIPULATION AND PROPOSED ORDER RESCHEDULING
HEARING AND EXCLUDING TIME            2

**[PROPOSED] ORDER**

FOR GOOD CAUSE SHOWN, THE COURT ADOPTS THE FINDINGS OF FACT AND CONCLUSIONS OF LAW STIPULATED TO BY THE PARTIES.  THEREFORE, IT IS SO FOUND AND ORDERED THAT:

    1.      The currently scheduled April 1, 2008, status conference hearing is vacated.  A status conference hearing is now scheduled for 9:00 a.m. on April 29, 2008.

    2.      The time period from April 1, 2008, to April 29, 2008, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence. The Court finds that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

DATED: 3/31/08                     _/s/ Saundra B. Armstrong_
                                  HONORABLE SAUNDRA BROWN ARMSTRONG
                                  UNITED STATES DISTRICT JUDGE