UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EDDIE SHERMAN THOMAS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No: CR 06-0189 SBA<br><br>**ORDER**<br><br>Docket 517 |

The parties are presently before the Court on Eddie Sherman Thomas' ("Thomas") renewed motion for return of seized property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. Dkt. 517. Thomas seeks the return of $9,825, plus interest, in U.S. currency taken from him at the time of his arrest in 2006 and later administratively forfeited to the United States ("Government"). Id. The Government opposes the motion. Dkt. 519. In its opposition, the Government argues that Thomas' motion should be denied because Thomas received adequate notice of the administrative forfeiture proceeding and failed to file a timely claim contesting the proceeding. Id. In support of its position, the Government submitted nineteen exhibits. Id. In reply, Thomas argues that an order setting aside the declaration of forfeiture is appropriate because he was deprived of his property without due process of law as he did not receive "personal notice" of the forfeiture proceeding. Dkt. 520. In support of his position, Thomas submitted two exhibits. Id.

Where, as here, a Rule 41(g) motion is filed when no criminal proceeding is pending, the motion is treated as a civil complaint seeking equitable relief. United States v. Ritchie, 342 F.3d 903, 906 (9th Cir. 2003). While the Government effectively seeks

dismissal of Thomas' complaint, it does not style its opposition as a motion to dismiss or a motion for summary judgment.  However, because the Government relies on evidence that cannot be considered on a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court finds that the Government's opposition should be converted into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  See U.S. v. Ibrahim, 522 F.3d 1003, 1007-1008 (9th Cir. 2008).  Given the conversion of the Government's opposition into a motion for summary judgment, the Court will afford Thomas an opportunity to file a supplemental brief and additional evidence.  See Fed.R.Civ.P. 12(d) (when a motion to dismiss is converted into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

   Accordingly,

   IT IS HEREBY ORDERED THAT:

   1. Thomas' renewed motion for return of seized property is treated as a civil complaint and the Government's opposition is converted into a motion for summary judgment.

   2. Thomas may file a supplemental brief in response to the Government's motion for summary judgment not to exceed five (5) pages by no later than twenty-one (21) days from the date this order is filed.  Thomas may also file any additional evidence relevant to the Government's motion.  In the event Thomas elects to file a supplemental brief, the Government may file a response not to exceed five (5) pages by no later than seven (7) days from the date the brief is filed.  Upon the completion of briefing, the Court will take this matter under submission.

   IT IS SO ORDERED.

Dated: 11/6/2013

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge